**WILLKIE FARR & GALLAGHER** LLP      333 Bush St
San Francisco, CA 94104
Tel: 415 858 7400
Fax: 415 858 7599

February 13, 2024

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court,
Southern District of New York
40 Foley Square
New York, NY 10007



Re:   *Mullen Technologies, Inc. v. Gem Global Yield LLC* (No. 1:23-cv-11268); Request for Stay

To the Honorable Kathrine Polk Failla:

We are counsel for Defendants GEM Global Yield LLC SCS, GEM Yield Bahamas Limited (together, "GEM"), and Christopher Brown, and we write to respectfully request a stay of this action in favor of an ongoing arbitration between GEM and Plaintiffs Mullen Technologies, Inc. and Mullen Automotive, Inc. (together, "Mullen") captioned *GEM Yield Bahamas Limited, et al. v Mullen Technologies, Inc., et al.* (ICDR Case No. 01-21-0016-7001) (the "Arbitration").

The Federal Arbitration Act ("FAA") mandates a stay because the Arbitration concerns the same GEM-Mullen contracts and the same challenge to them that Mullen raises here.  In fact, the Arbitrator issued a Final Partial Award on liability finding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. C (Final Partial Award ("PFA") ¶¶ 136–37, 145–47, 180, 185–90).  In doing so, the Arbitrator found that Mullen's securities-law challenge to the contracts—the sole basis for its claims here—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  *Id.* at 28 n.14.  The Arbitration has now proceeded to a damages and indemnification phase; briefing on those issues is complete and the parties are awaiting an award.  With ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇,[1] Mullen's improper aim with this suit is plain: delay, increase costs, create uncertainty, and (it hopes) obtain a different result.  The FAA's mandatory stay was designed to prevent just that scenario.

**I.  Mullen Breaches the Parties' Agreements and GEM Obtains a Partial Final Award.**

This case and the Arbitration stem from the same financing transaction between GEM and Mullen, which is memorialized in the three agreements attached to the Complaint: (1) the Share Purchase Agreement ("SPA"), (2) the Registration Rights Agreement ("RRA"), and (3) the Warrant ("Warrant" and, together, the "Agreements").  ECF Nos. 1 (Compl. ¶ 2, n.1), 1-1, 1-2, 1-3; Ex. A (Am. Stmt. Claim ¶ 1).  Under the Agreements, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  *Id.* ¶ 2; Compl. ¶¶ 41–43.

---

[1] The Arbitrator also issued two interim awards ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *See* Ex. C (PFA ¶ 1). Pursuant to the SPA's arbitration clause, GEM thus initiated the Arbitration over two years ago, which was ultimately bifurcated into two phases: liability and damages. *Id.* ¶ 3; ECF No. 1-1 (SPA § 9.02).[2] On November 17, 2023, the Arbitrator issued a Partial Final Award on liability ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Ex. C (PFA ¶¶ 188–89). In short, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ The amount of the resulting damages is now being considered by the Arbitrator.

## II. Mullen Seeks to Relitigate Key Issues Within the Scope of and Decided in the Arbitration.

Quickly following the Partial Final Award, Mullen filed this action purporting to challenge the Warrant. In doing so, it makes two basic assertions that were raised and decided against it in the Arbitration. **First**, Mullen alleges here that the Warrant "is unlawful," "was made in violation of Section 15(a) of the [Securities Exchange] Act," and "should be voided." Compl. ¶¶ 5, 10, 49–58. But Mullen raised the same argument in the Arbitration, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Ex. C (PFA at 28 n.14); *id.* ¶ 26; Ex. B (Answer ¶¶ 11, 13) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Ex. C (PFA at 28 n.14), ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *Id.*

**Second**, Mullen now claims that, under the Warrant, "jurisdiction [and] venue [are] proper in this Court." Compl. ¶ 10. But a year into the Arbitration—"▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆" Ex. D (Proc. Order No. 8 ¶ 17)—Mullen made the same argument: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Ex. C (PFA ¶ 41). GEM explained how that assertion was both waived and wrong. Ex. E (Letter at 2–5). Mullen thereafter abandoned the argument: after being given permission to fully brief the issue, it "▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆" Ex. C (PFA ¶ 44). The Arbitrator thus "▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆" *Id.* at 29 n.15 & ¶ 45. That necessarily included Mullen's challenge to the Warrant, which it reasserts here.[3]

---

[2] The arbitration clause covers the SPA, the RRA, and the Warrant (the "Transaction Documents"). ECF No. 1-1 (SPA § 9.02(b)) (agreeing to resolve "[a]ll disputes" "arising out of or in connection with th[e] agreement"); *id.* §§ 1.01(aaa), 9.03 (defining "Transaction Documents" and "[t]his Agreement and the other Transaction Documents represent the entire agreement of the Parties"); ECF No. 1-2 (Warrant at 1) ("This Warrant is issued in accordance with, and subject to, the terms and conditions of the [SPA].").

[3] In its Complaint, Mullen does not acknowledge the Arbitration or the Arbitrator's rulings resolving all of the issues raised in the Complaint. The omission of such obviously material information is

### III. This Case Must Be Stayed in Favor of the Ongoing Arbitration.

Under the FAA, "[w]hen all claims have been referred to arbitration and a stay is requested, the Court must grant the stay." *Kuehne + Nagel Inc. v. Hughes*, No. 21 CIV. 8470 (KPF), 2022 WL 2274353, at *8 (S.D.N.Y. June 23, 2022) (citing *Katz* v. *Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015)); 9 U.S.C. § 3; *Katz*, 794 F.3d at 347 (concluding "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration"). The FAA's mandatory stay allows the parties to proceed with arbitration "unencumbered by the uncertainty and expense of additional litigation, and generally precludes judicial interference until there is a final award." *Id.* at 346. Even when not mandatory, stays in favor of arbitration are "appropriate where [they] promote[] judicial economy, avoidance of confusion and possible inconsistent results." *Fasano v. Li*, No. 16 CIV. 8759 (KPF), 2023 WL 6292579, at *14 (S.D.N.Y. Sept. 27, 2023) (quotations omitted).

Here, the substance of "all claims" in this action—*e.g.*, the validity of the Warrant under the securities laws—is fully within the scope of the ongoing Arbitration. In fact, as discussed above, the same issue has been raised, submitted, and decided in the Arbitration. Mullen's aim with this case is thus plain and in conflict with the FAA's "text, structure, and underlying policy": Mullen seeks to relitigate issues in hopes of increasing costs, creating uncertainty, and obtaining a result inconsistent with the Partial Final Award on liability. *See Katz*, 794 F.3d at 347. The FAA compels a stay of Mullen's claims.

Perhaps in an effort to avoid that result, Mullen has named Christopher Brown, who is not party to the Arbitration, as a defendant. But corporate agents like Mr. Brown—who, as Mullen alleges, is "the founder and manager of GEM," Compl. ¶ 15—"'of an entity that is a party to an arbitration agreement are protected by that agreement.'" *See Johnston v. Electrum Partners LLC*, No. 17 CIV. 7823 (KPF), 2018 WL 3094918, at *8 (S.D.N.Y. June 21, 2018) (quoting *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1360 (2d Cir. 1993)); *Hamerslough v. Hipple*, No. 10 CIV. 3056 NRB, 2010 WL 4537020, at *2 (S.D.N.Y. Nov. 4, 2010) ("An alternative rule would make it 'too easy to circumvent the agreements by naming individuals as defendants.'") (quoting *Roby*, 996 F.2d at 1360). Mullen cannot avoid the Agreements' arbitration clause or the FAA's mandatory stay by simply suing GEM's corporate agent.

*       *       *

For the foregoing reasons, GEM and Mr. Brown respectfully request that the Court stay litigation of this action while reserving jurisdiction to address ancillary matters including petitions to confirm. *See Sircar v. City University of New York*, Case No. 1:23-cv-06304-KPF, ECF No. 13 (S.D.N.Y. Oct. 27, 2023) (granting letter motion to stay pending arbitration). This is the first request for the relief sought herein; the only pending deadline other than GEM and Mr. Brown's deadline to respond to the Complaint (February 13) is the initial pretrial conference (March 24). Mullen has not consented to this relief. If the Court requires additional information before ruling on this request, GEM and Mr. Brown respectfully request a conference on the matter. Alternatively, if the Court denies this request, GEM and Mr. Brown respectfully request 21 days from the Court's decision to answer, move to dismiss, or otherwise respond to the Complaint.

---

inconsistent with the duty of candor. *See Google LLC v. Starovikov*, No. 21cv10260 (DLC), 2022 WL 16948296, at *13 (S.D.N.Y. Nov. 15, 2022) (imposing sanctions for violation of the duty of candor).

Respectfully submitted,

*/s/ Alexander L. Cheney*

Alexander L. Cheney

Attachments

---

The Court is in receipt of the parties' letters regarding Defendants' request for a stay in this case. (Dkt. #26, 27, 35). The Court is also in receipt of the parties' letter motions to partially seal their letter submissions. (Dkt. #25, 34).

The parties shall be prepared to discuss their positions regarding Defendants' request to stay at the upcoming conference scheduled in this matter on **March 21, 2024.**

Pursuant to the confidentiality provisions of a pending arbitration between the parties, the Court hereby GRANTS the parties' applications to partially seal their submissions. Accordingly, the Clerk of Court is directed to maintain docket number 26 and 35 under seal, viewable only to the parties and the Court. Plaintiffs are hereby ordered to file a redacted version of their response letter. (*See* Dkt. #35).

The Clerk of Court is directed to terminate the pending motions at docket number 25, 26, 27, and 34.

Dated:  February 22, 2024        SO ORDERED.
        New York, New York

*[signature]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE