

| | |
|---|---|
| | 390 North Broadway – Ste. 140 | Jericho, New York 11753 |
| | Main Telephone: (516) 455-1500 | Facsimile: (631) 498-0478 |
| | DALLAS | NEW YORK | NAPLES |

February 16, 2024

**Via ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Mullen Technologies, Inc. et al. v. Gem Global Yield LLC, et al.* (No. 1:23-cv-11268-KFP);
         Plaintiffs' Opposition to Defendants' Request for Stay

Dear Judge Failla:

We represent Plaintiffs Mullen Technologies, Inc. and Mullen Automotive, Inc. (together, "Plaintiffs" or "Mullen") in the above-referenced action, and write in opposition to the letter motion, ECF 26 (the "Motion"), filed by Defendants GEM Global Yield LLC SCS, GEM Yield Bahamas Limited (together, "GEM"), and Christopher Brown ("Brown") (collectively, "Defendants") requesting a stay of this action in favor of the ongoing arbitration between GEM and Mullen captioned *GEM Yield Bahamas Limited, et al. v Mullen Technologies, Inc., et al.* (ICDR No. 01-21-0016-7001) (the "Arbitration").  For the reasons set forth below, the Court should deny the Motion in its entirety.

**I.      The Warrant Unambiguously Provides that Disputes Arising Under the Warrant are Not to be Resolved Through Arbitration**

It is well settled that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [the party] has not agreed to submit."  *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 648 (1986) (citations omitted).  In evaluating whether the parties agreed to arbitrate a certain matter, courts look to state law contract principles to determine whether the parties "objectively revealed an intent to submit the arbitrability issue to arbitration."  *Id.* at 944; *see also Glikin v. Major Energy Elec. Servs. LLC*, 2022 U.S. App. LEXIS 33299, at *2 (2d Cir. Dec. 2, 2022) ("To determine whether a valid agreement to arbitrate exists, courts look to ordinary state-law principles.") (citation omitted).

The subject agreement in this litigation—the Warrant—"shall be governed by and construed in accordance with the internal laws of the State of New York…."  ECF 1-2 (Warrant § 11).  Under New York law, it must be shown by a preponderance of the evidence that the parties agreed to arbitrate.  *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*, 991 F.2d 42, 46 (2d Cir. 1993).  No such showing is made here.  Rather, Defendants claim that the arbitration clause in the Securities Purchase Agreement ("SPA") covers both the Registration Rights

Judge Katherine Polk Failla
February 16, 2024

Agreement ("RRA") and the Warrant.  Motion at 2 n.2.  To be clear, only the SPA and RRA contain an arbitration clause.  ECF 1-1 (SPA § 9.02(b)); ECF 1-3 (RRA § 11(e)).  The Warrant, however, requires that "… venue for any dispute arising under this Warrant will lie **exclusively in the state or federal courts located in New York**, and the parties irrevocably waive any … argument that New York is not the proper venue.  The Issuer and Holder irrevocably consent to personal jurisdiction in the state and federal courts in the state of New York."  Warrant § 11 (emphasis added).  This jurisdiction provision *specific* to the Warrant is significant given that the RRA contains the same arbitration clause as the SPA.  RRA § 11(e); SPA § 9.02(b).  Had the parties intended the SPA's arbitration clause to encompass both the Warrant and RRA as Defendants suggest, there would be no need for a separate and unique jurisdiction and venue provision in the Warrant.  *See Aioi Nissay Dowa Ins. Co. v. Prosight Specialty Mgmt. Co.*, 563 F. App'x 68, 69 (2d Cir. 2014) ("It is well settled … that even where separate agreements are meant to be construed together, the 'primary objective' in contract interpretation 'is to give effect to the intent of the parties as revealed by the language they chose to use.'") (quoting *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992)).[1]

Defendants attempt to sidestep this glaring issue by selectively quoting language from the SPA.  *See* Motion at 2 n.2.  Indeed, the SPA submits to arbitration "[a]ll disputes, controversies or claims between the Parties arising out of or in connection with *this agreement* (including *its* existence, validity or termination) …" SPA § 9.02(b) (emphasis added).  Nowhere in Section 9.02(b) of the SPA, however, is there any mention of the defined term "Transaction Documents."  *Id.*  This is significant because *every single other provision* in the SPA signifying applicability to the Warrant and RRA expressly includes the defined term "Transaction Documents."  *See, e.g., id.* § 9.02(a) ("the provisions of this Agreement or any other Transaction Document"); *id.* § 9.03 ("[t]his Agreement and the other Transaction Documents").[2]  Because there is no "clear and unmistakable" evidence that the parties agreed to arbitrate, "it is the court's duty to interpret the agreement and to determine whether the parties intended to arbitrate grievances concerning a particular matter."  *Granite Rock Co. v. Int'l Board of Teamsters*, 561 U.S. 287, 297 (2010) (quoting *AT&T Techs.*, 475 U.S. at 649, 651).

Plaintiffs submit that the Arbitrator's findings ████████████████████████████████. ECF 8 (Proc. Order No. 8 ¶ 17) (████████████████████████████████) (emphasis added).  The Arbitrator's finding has no bearing on whether the parties agreed to arbitrate disputes arising under the Warrant in the first place, which is a question to be decided by the court, not the arbitrator.  *See Flexport, Inc. v. W. Glob. Airlines*, 2020 U.S. Dist. LEXIS 223298, at *11

[1] *See also Crede CG III, Ltd. v. 22nd Century Grp., Inc.*, 2017 U.S. Dist. LEXIS 8143, at *21 (S.D.N.Y. Jan. 20, 2017) ("the fact that a contract constitutes an 'integral part' of a larger transaction does not mean that any provision contained in [the contract] must be applied to all other documents that are part of the same transaction. ... Parties are free to enter into multiple contracts as part of a single transaction without the provisions in one contract governing another contract.") (quotations omitted).

[2] *See also Crede*, 2017 U.S. Dist. LEXIS 8143, at *21 ("The Court must avoid 'interpretations that render contract provisions meaningless or superfluous.'") (quoting *Manley v. AmBase Corp.*, 337 F.3d 237, 250 (2d Cir. 2003)); *Helmsley-Spear, Inc. v. New York Blood Ctr., Inc.*, 257 A.D.2d 64, 69 (1st Dep't 1999) ("Courts should construe a contract so as to give meaning to all of its language and avoid an interpretation that effectively renders meaningless a part of the contract.").

2

Judge Katherine Polk Failla
February 16, 2024

(S.D.N.Y. Nov. 30, 2020) ("Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.") (citing *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)) (quotations omitted).

**II.    This Case Should Not Be Stayed Because Plaintiffs' Claims Were Brought Pursuant to the Warrant's Exclusive Jurisdiction and Venue Provision, and thus, are Necessarily Outside the Scope of the Arbitration**

As noted by Defendants, under the FAA, the Court must grant a stay only "when all of the claims in an action have been referred to arbitration…" *Glikin v. Major Energy Elec. Servs. LLC*, 2022 U.S. App. LEXIS 33299, at *1-2 (2d Cir. Dec. 2, 2022) (quoting *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015). Defendants' artful attempt to marshal the facts here to the aforesaid rule—Motion at 3 ("the *substance* of 'all claims' in this action … is fully within the scope of the ongoing Arbitration.") (emphasis added)—is belied by their own failure to proffer any authority supporting the proposition that ███████████████████████ in the Arbitration somehow constitutes the same *claims[4]* asserted in this action.

Even assuming, *arguendo*, that ███████████████████ in the Arbitration might somehow be construed as the same claim—raised in the offensive posture here—for rescission pursuant to Section 29(b) of the Exchange Act, Defendants would still need to account for the Section 20(a) claim against Brown. While they make presumptuous allegations to explain this away to the Court, *see* Motion at 3, Defendants fail to acknowledge that control person liability under Section 20(a) is commonly asserted together with a claim for Section 15(a) violation.[5, 6] In any event, Defendants would still be unable to rely on *Katz*, which "did not explicitly address whether the FAA requires a district court to stay all proceedings where ... fewer than all claims have been referred to arbitration." *Crawley v. Macy's Retail Holdings, Inc.*, 2017 U.S. Dist. LEXIS 80541, at *9 n.2 (S.D.N.Y. May 25, 2017) (citation omitted).

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in its entirety. Plaintiffs also respectfully request that due to the complicated nature of the issues involved and the voluminous amount of Arbitration documents relevant to this Motion, the parties be permitted to submit full briefing on this Motion without the restrictive three-page limitation of letter motions, insofar as the Court deems appropriate.

---

[3] ███████████████████████████████ ECF 26-3 (Answer ¶ 11).
[4] Plaintiffs assert two claims in this action: (i) Rescission pursuant to Section 29(b) of the Exchange Act for violating Section 15(a) of the Exchange Act by effecting (making) the Warrant as unregistered dealers (against GEM), ECF 1 (Compl. at 11), and (ii) Violation of Section 20(a) of the Exchange Act by Brown as the Control Person of GEM based on GEM's transactions in securities as an unregistered dealer (against Brown), *id.* at 12.
[5] *See, e.g.*, *SEC v. Morningview Fin. LLC*, 2023 U.S. Dist. LEXIS 199697 (S.D.N.Y. Nov. 7, 2023); *SEC v. LG Capital Funding, LLC*, 2023 U.S. Dist. LEXIS 202929 (E.D.N.Y. Nov. 13, 2023); *SEC v. Crown Bridge Partners, LLC*, 2022 U.S. Dist. LEXIS 142555 (S.D.N.Y. Aug. 8, 2022).
[6] A violation of 15(a) registration requirement voids the transaction, 15 U.S.C. § 78cc(b), and is an absolute defense to a claim for breach of contract. *Lawrence v. Richman Grp. of Conn., LLC*, 407 F. Supp. 2d 385, 389 (D. Conn. 2005). The Motion is effectively an act by GEM in furtherance of ████████████████ ██████████████████, ECF 27-4, notwithstanding the unlawful contracts made in violation of 15(a), which voids those agreements (including the Warrant). *See id.*

Judge Katherine Polk Failla
February 16, 2024

Dated: February 16, 2024

Respectfully submitted,

**THE BASILE LAW FIRM P.C.**

*/s/ Waleed Amer*
Waleed Amer, Esq.
Mark R. Basile, Esq.
390 N. Broadway, Suite 140
Jericho, New York 11753
Tel.:   (516) 455-1500
Fax:    (631) 498-0478
Email:  waleed@thebasilelawfirm.com
        mark@thebasilelawfirm.com

*Attorneys for Plaintiffs*

4