

390 North Broadway – Ste. 140 | Jericho, New York 11753
MAIN TELEPHONE: (516) 455-1500 | FACSIMILE: (631) 498-0478

DALLAS | NEW YORK | NAPLES

March 29, 2024

**Via ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 2103
New York, NY 10007

Re: *Mullen Technologies, Inc. et al. v. Gem Global Yield LLC, et al.*; No. 1:23-cv-11268 (KFP)
Letter Motion to File Documents in Redacted Form or Under Seal

Dear Judge Failla:

We represent Plaintiffs Mullen Technologies, Inc. ("MTI") and Mullen Automotive, Inc. ("MAI," and together with MTI, "Plaintiffs") in the above-referenced action. Pursuant to Rules 2(C), 9(B) and 9(C) of Your Honor's Individual Rules of Practice in Civil Cases, we respectfully submit this letter motion seeking leave to (i) redact limited portions of Plaintiffs' Memorandum of Law Regarding Issues Raised During March 21, 2024 Conference (the "Memo") and (ii) seal Exhibits A, B, C, and D to Plaintiffs' Memo (the "Exhibits"). As detailed below, the requested redactions and sealing are warranted because they are narrowly tailored to protect confidential information, including sensitive business and financial information, that has been exchanged in the parties' ongoing arbitration proceeding (the "Arbitration") and that, if disclosed, could cause significant and irreparable harm to Plaintiffs, particularly MAI.

Courts in the Second Circuit consider three factors in determining whether to grant a motion to seal or redact: (1) whether the record at issue is a judicial document; (2) the weight of the presumption of access to the judicial document; and (3) whether countervailing factors outweigh the presumption of access. *See Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69-70 (2d Cir. 2023); *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 5054602, at *1-2 (S.D.N.Y. Aug. 8, 2023). While courts have recognized a common law presumption of access to judicial documents, the presumption can be overcome with a showing that the proposed redaction or sealing "is necessary 'to preserve higher values,' and 'is narrowly tailored to serve that interest.'" *Spectrum*, 2023 WL 5054602, at *2 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)); *see also id.* at *2 ("'Higher values'" the preservation of which might warrant sealing include . . . the protection of competitively sensitive business information."). Indeed, courts have routinely granted requests to redact and/or seal documents involving sensitive business and financial information, the disclosure of which could cause significant harm to the relevant parties and/or place the parties at a competitive disadvantage. *See IBM Corp. v. Micro Focus (US), Inc.*, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024) ("Courts in this District routinely permit

parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."); *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to redact portions of contracts that contained "sensitive financial information," the disclosure of which would cause them to "suffer a competitive disadvantage in future negotiations"); *Lous Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents reflecting the company's confidential financial information and business operations).

Here, Plaintiffs seek to redact or seal documents that contain non-public information regarding a confidential arbitration proceeding or otherwise reflect internal financial information, the disclosure of which would materially frustrate MAI's efforts to effectuate its business plans. To be sure, the documents at issue are judicial records subject to a presumption in favor of public access. *See Stafford*, 78 F.4th at 70; *Graczyk*, 2020 WL 1435031, at *9. Nevertheless, if the information within the aforementioned materials is disclosed, MAI "would suffer a competitive disadvantage in future negotiations," and as a result, experience considerable hardship in its day-to-day business operations. *See, e.g.*, *Graczyk*, 2020 WL 1435031, at *8-9. In addition, as opposed to advancing a blanket request to seal, Plaintiffs have narrowly tailored their requests to only those non-public portions of Plaintiffs' Memo and the Exhibits that implicate the parties' confidential arbitration proceedings or MAI's commercially sensitive business information. *See Spectrum*, 2023 WL 5054602, at *2 (noting that a sealing request is narrowly tailored when it is limited to information that must be sealed to preserve higher values); *compare W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (concluding that "the scope of the proposed redactions [was] reasonable and narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed"), *with King Pharm., Inc. v. Eon Labs, Inc.*, 2010 WL 3924689, at *10 (E.D.N.Y. Sept. 28, 2010) (denying request for redaction where the information in question was already public, and thus, could not constitute confidential business information). "Given these circumstances, the privacy interests outweigh the public's interest in the redacted material." *Graczyk*, 2020 WL 1435031, at *9.

In short, Plaintiffs' proposed redactions and sealing are narrowly tailored to protect non-public information concerning the parties' confidential Arbitration or sensitive internal financial information regarding MAI, the disclosure of which could cause severe harm to Plaintiffs' operations and disadvantage future negotiation efforts by MAI. As such, Plaintiffs respectfully request that the Court permit them to (i) file portions of the Memo in redacted form and (ii) file Exhibits A, B, C, and D to the Memo under seal.

Respectfully submitted,

THE BASILE LAW FIRM P.C.

*/s/ Waleed Amer*
Waleed Amer, Esq.
Mark R. Basile, Esq.
390 N. Broadway, Suite 140
Jericho, New York 11753
Tel.: (516) 455-1500

Judge Katherine Polk Failla
March 29, 2024
Page **3** of **3**

        Fax:    (631) 498-0478
      Email:  <u>waleed@thebasilelawfirm.com</u>
                <u>mark@thebasilelawfirm.com</u>

*Attorneys for Plaintiffs*