UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MULLEN TECHNOLOGIES, INC. and
MULLEN AUTOMOTIVE, INC,

                      Plaintiffs,

-v.-

GEM GLOBAL YIELD LLC SCS, GEM
YIELD BAHAMAS LIMITED, and
CHRISTOPHER BROWN,

                      Defendants.

---

GEM YIELD BAHAMAS LIMITED and
GEM GLOBAL YIELD LLC SCS,

                      Petitioners,

-v.-

MULLEN TECHNOLOGIES, INC. and
MULLEN AUTOMOTIVE, INC.,

                      Respondents.

23 Civ. 11268 (KPF)

**ORDER**

24 Civ. 01120 (KPF)

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of the parties' letter submissions regarding the Interim Measures Arbitration Award and the request to stay the related action, No. 23 Civ. 11268 (the "Rescission Action"). (*See* Dkt. #47-54). The Court is also in receipt of the April 5, 2024 letter filed by Petitioners GEM Yield Bahamas Limited and GEM Global Yield LLC SCS ("GEM") regarding a status update on the parties' ongoing arbitration. (*See* Dkt. #55).

As a preliminary matter, the Court GRANTS the parties' motions to seal in these related actions. (*See, e.g.,* Dkt. #47, 52).

Having carefully considered the parties submissions, the Court hereby LIFTS the stay on the on the enforcement of the Interim Measures Arbitration Award issued by this Court on March 5, 2024. (*See* Dkt. #44). The Court will not stand in the way of the pending arbitration, or any further orders issued by Arbitrator Mark Morril. The Court accepts Petitioners' representation, however, that they "will not seek to withdraw" the award until the application to confirm or vacate the final damages arbitration award is decided, with the exception listed on page 19, footnote 11 of Petitioners' letter brief. (*See* Dkt. #48).

That said, the Court is not yet in a position to confirm or vacate the Interim Measures Arbitration Award. To that end, the parties are hereby ORDERD to re-format and re-file their submissions *only* regarding confirmation or vacatur of the Interim Measures Arbitration Award in accordance with Federal Rule of Civil Procedure 56. The briefing schedule is as follows:

- Petitioners shall file their re-formatted submission (of no more than 15 pages) on or before **April 22, 2024**.
- At that time, the parties shall do their best to file a joint Local Rule 56.1 Statement of Facts, as well as a joint Appendix of Exhibits.
- Respondents shall file a response (of no more than 15 pages) on or before **May 6, 2024**.
- The Court does not request a reply brief.

Respondents are hereby ORDERED to maintain the Interim Measures Arbitration Award pending the resolution of this motion.

Next, substantially for the reasons stated in Petitioner GEM's letter brief (*see* Dkt. #48 at 2-18), the Court hereby STAYS the Rescission Action. Even assuming

*arguendo* that a stay in the Rescission Action is not mandatory under the Federal Arbitration Act ("FAA"), the Court exercises it discretion to stay that Action to promote judicial economy and avoid confusion and possible inconsistent results between the Action and the ongoing arbitration. *See Fasano* v. *Li*, No. 16 Civ. 8759 (KPF), 2023 WL 6292579, at *14 (S.D.N.Y. Sept. 27, 2023).

Accordingly, the parties are hereby ORDERED to jointly file a status letter updating the Court as to any significant developments in the ongoing arbitration or issuance of a final order with respect to damages within **one week** of said development. The issue of the Partial Final Award shall be addressed at that time.

The Clerk of Court is directed to terminate the pending motions at docket number 16, 31, 47, 52 in **No. 24 Civ. 1120** and docket number 46 in **No. 23 Civ. 11268.**

The Clerk of Court is further directed to docket this Order in both cases.

SO ORDERED.

Dated: April 8, 2024
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge