**WILLKIE FARR & GALLAGHER** LLP

333 Bush St
San Francisco, CA 94104
Tel: 415 858 7400
Fax: 415 858 7599

May 22, 2024

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court,
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Mullen Technologies, Inc. v. Gem Global Yield LLC* (No. 1:23-cv-11268)
Defendants' Opposition to Plaintiffs' Letter Request to Lift Stay

To the Honorable Katherine Polk Failla:

We are counsel for Defendants GEM Global Yield LLC SCS, GEM Yield Bahamas Limited (together, "GEM"), and Christopher Brown in the above-referenced action ("Rescission Action" or "Resc. Action"), and we write in opposition to the letter motion filed by Plaintiffs Mullen Technologies, Inc. and Mullen Automotive, Inc. ("Mullen") requesting that the Court lift the stay of the Rescission Action [Resc. Action ECF No. 52]. For the below reasons, this Court should deny Plaintiffs' request to lift the stay. Alternatively, if the Court is considering lifting the stay, Defendants respectfully request a pre-motion conference seeking permission to file a motion to dismiss and a motion for sanctions.

Plaintiffs commenced the Rescission Action in December 2023, after which Defendants moved to stay the Rescission Action [Resc. Action ECF No. 26] (the "Stay Motion") pending Arbitration. On March 21, 2024, the Court held a conference to address that and other issues in connection with the Rescission Action and the related action, *GEM Yield Bahamas Limited et al. v. Mullen Technologies, Inc. et al.*, No. 1:24-cv-1120 ("Confirmation Action" or "Conf. Action"). On March 29, as ordered at the March 21 conference, GEM filed a brief to address, among other things, the stay issue [Conf. Action ECF No. 48] ("Supplemental Stay Brief"). On April 8, this Court stayed the Rescission Action "substantially for the reasons stated in" GEM's Supplemental Stay Brief. *See* Resc. Action ECF No. 51 at 2 (the "Stay Order"). On May 10, the Arbitrator issued the Final Award, awarding GEM substantial damages.

First, this Court should not lift the stay. The mandatory stay under the FAA applies "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Although there is a dearth of case law interpreting when an "arbitration has been had" in this context, there is authority indicating that it includes post-Award confirmation proceedings. *See 5556 Gasmer Mgmt. LLC v. Underwriters at Lloyd's, London*, 463 F. Supp. 3d 785, 795 (S.D. Tex. 2020) (an action is "appropriately stayed during the pendency of any arbitral and confirmation proceedings"). This is especially the case in a situation where (as here) the parties' agreement contemplates "final" resolution of the dispute via arbitration, and such arbitration procedures contemplate post-award judicial confirmation. *See* Resc. Action ECF No. 26-1 at 50 (arbitration will "finally resolve[] and settle[]" disputes and the agreement

incorporates AAA rules); AAA Commercial Rule 52(c) ("Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."); *cf. Noble Cap. Fund Mgmt., LLC v. US Cap. Glob. Inv. Mgmt., LLC*, 31 F.4th 333, 336, n.7 (5th Cir. 2022) (uniform circuit court conclusion that dismissal of arbitration for non-payment based on provider rules meets the "has been had" standard). Until the parties' dispute is "finally resolved"—including the confirmation proceedings expressly contemplated in the AAA rules—the Section 3 stay remains in place.

Even if Section 3 does not apply, however, all of the discretionary reasons for a stay are still applicable. *See* Supplemental Stay Brief at 11-15; Stay Order at 3; *Fasano v. Li*, 16-CV-8759 (KPF), 2023 WL 6292579, at *14 (S.D.N.Y. Sept. 27, 2023). Here, the stay should not be lifted because Mullen is going to move to vacate the Final Award and PFA (despite the fact that they missed the three-month deadline to move to vacate the PFA). Because Mullen's anticipated vacatur proceedings—no matter how meritless—seek to undo the finality of the arbitration, a continued stay of the Rescission Action is warranted as a matter of judicial economy. *See Aurora Distrib. Solar, LLC v. AKTOR*, *S.A.*, No. 17-CV-2009, 2017 WL 11708413, at *2 (S.D.N.Y. June 8, 2017) (citing cases) (courts grant stays in cases where "there are issues common to the arbitration and the court proceeding" and where "those issues will be finally determined by the arbitration."). In fact, the parties have already stipulated to a briefing schedule in connection with those proceedings. *See* Conf. Action ECF No. 78, at 2. Thus, the Rescission Action should remain stayed until the Court rules on the motions to confirm and vacate, which—assuming the Court grants the stipulation—will be fully briefed by July 15, 2024.

Second, if the Court is considering lifting the stay, Defendants respectfully request a pre-motion conference in advance thereof seeking permission to file a motion to dismiss and, if warranted, a motion for sanctions. Dismissal is warranted because this Court has already ruled in Defendants' favor on the arbitrability of the Rescission Action's one core claim: the Warrant is unlawful and should be voided. *See* Stay Order at 2 ("Next, **substantially for the reasons stated in Petitioners GEM's letter brief (see Dkt. #48 at 2-18)**, the Court STAYS the Rescission Action.") (emphasis added); Supplemental Stay Brief [Conf. Action ECF No. 48] at 2-11 (arguing that stay is mandatory because Rescission Action Warrant claim is within scope of the Arbitration). Given that the Court found that the claims in the Rescission Action were within the scope of the Arbitration—which is law of the case—the Rescission Action should eventually be dismissed as a matter of issue and/or claim preclusion. *See* Supplemental Stay Brief at 12-15; Stay Motion Ex. 3 (PFA) at ¶ 85, fn. 14 [Resc. Action ECF No. 26-4].

These issues are fully briefed. As such, whenever the stay is lifted—which Defendants contend should occur only after the Arbitration awards are confirmed—Defendants respectfully suggest that the Court simply rule on the preclusion issues. But, should Mullen insist that Defendants be put to the time and expense of rebriefing dismissal, Defendants respectfully request that the Court set a schedule that allows them time to first comply with the safe harbor provisions of Rule 11. Rule 11 sanctions are warranted where "claim preclusion clearly foreclosed further litigation" and yet the plaintiff pushed forward. *See Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 202 F. Supp. 2d 126, 140-41 (S.D.N.Y. 2002).

The legal consequence of this Court's Stay Order is clear: the Rescission Action raises a claim that was arbitrable. It is thus now barred by claim and issue preclusion. This Court should not invite the waste of any more resources on Mullen's barred complaint; the arbitrability question has been fully resolved

Hon. Katherine Polk Failla
May 22, 2024

- 3 -

against Mullen and the preclusion issues fully briefed. Rather, the Court should continue the stay pending the likely confirmation of the Final Award and PFA and thereafter dismiss the Complaint in the Rescission Action.


Respectfully submitted,

/s/ Jonathan A. Patchen

Jonathan A. Patchen


cc:     Counsel of Record via ECF