

390 North Broadway – Ste. 140 | Jericho, New York 11753
Main Telephone: (516) 455-1500 | Facsimile: (631) 498-0478

DALLAS | NEW YORK | NAPLES

May 24, 2024

<u>**Via ECF**</u>

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 2103
New York, NY 10007

Re:  *Mullen Technologies, Inc. et al. v. Gem Global Yield LLC, et al.* (No. 1:23-cv-11268);
Plaintiffs' Reply in Further Support of Letter Request to Lift Stay

Dear Judge Failla:

We represent Plaintiffs Mullen Technologies, Inc. and Mullen Automotive, Inc. ("Plaintiffs") in the above-referenced action ("Action") and respectfully submit this letter in further support of Plaintiffs' request to lift the stay of the Action [ECF No. 52 ("Motion")] and in response to the opposition [ECF No. 53 ("Opposition")] filed by Defendants GEM Global Yield LLC, GEM Yield Bahamas Limited (together, "GEM"), and Christopher F. Brown (collectively, "Defendants").

Defendants assert that there is a "dearth" of case law interpreting when an arbitration "has been had," and propose that this Court should therefore adopt their labored reading of a single case from the Fifth Circuit.  *See* Opposition at 1 (citing *5556 Gasmer Mgmt. LLC v. Underwriters at Lloyd's, London*, 463 F. Supp. 3d 785, 795 (S.D. Tex. 2020)).  Contrary to what Defendants suggest, however, there is an abundance of case law within the Second Circuit evaluating exactly when an arbitration "has been had," all of which endorse Plaintiffs' position that the Court should lift the stay in this Action.

Indeed, the stay imposed by Section 3 of the Federal Arbitration Act ("FAA") "generally precludes judicial interference ***until there is a final award***." *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015) (emphasis added).  The stay "functions to prevent further litigation in court ***until a final arbitral award has been rendered***, at which point, ***the FAA allows the stay to be lifted*** so as to enable 'subsequent proceeding[s] to confirm, modify, or set aside the [resulting] arbitration award.'" *Billie v. Coverall N. Am. Inc.*, 2023 WL 2531396, 2023 U.S. App. LEXIS 6001, at *4-5 (2d Cir. Mar. 14, 2023) (emphasis added) (quoting *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 202 (2000) (citing 9 U.S.C. §§ 9-11)).  "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a ***final arbitration award*** a judgment of the court." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2024

Hon. Katherine Polk Failla
May 24, 2024

U.S. Dist. LEXIS 23265, at *59-60 (S.D.N.Y. Feb. 9, 2024) (emphasis added) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

In *Billie*, the Second Circuit Court of Appeals dedicated an entire section of its opinion to address precisely this issue. 2023 U.S. App. LEXIS 6001, at *4-7 (first point heading of opinion titled "1. Whether 'Arbitration Has Been Had.'"). After unambiguously clarifying that an arbitration "has been had" within the meaning of Section 3 when a final arbitral award is rendered, the *Billie* court addressed instances in which sister courts held that the arbitration 'had been had' ***despite*** a final award ***not*** being issued, lending further support to the default interpretation previously discussed. *See id.* Defendants' position simply cannot be reconciled with Second Circuit guidance, as there is no dispute that the Arbitrator rendered his final arbitral award on May 10, 2024, thereby bringing the Arbitration to a close. The proceedings before the Court in the related action, *GEM Yield Bahamas Limited et al. v. Mullen Technologies, Inc. et al.*, No. 1:24-cv-1120, have no bearing on whether the Arbitration has concluded within the meaning of Section 3. *See Pickholz*, 750 F.2d at 176; *Eletson Holdings*, 2024 U.S. Dist. LEXIS 23265, at *59-60.

Defendants also argue that the discretionary reasons for a stay are still applicable despite the Arbitration having concluded. *See* Opposition at 2. This argument, however, is premised on the same strenuous interpretation of when an arbitration "has been had" under Section 3—an interpretation that is belied by Second Circuit case law. *See supra*. In granting the stay of the Action, the Court expressly noted that it sought to "avoid confusion and possible inconsistent results between the Action and the ***ongoing arbitration***." ECF No. 51 at 3 (emphasis added). The Court made no indication that the stay was subject to any condition other than the conclusion of the Arbitration, which is further supported by the very next sentence directing the parties to update the Court as to the "issuance of a final order with respect to damages within one week of said development." *Id.* Stated differently, the stay was to remain in place only until the final order on damages was issued. That condition precedent was satisfied as of May 10, 2024.

Defendants then dedicate the second half of their Opposition to preemptively argue their anticipated motion to dismiss, and even suggest that the Court simply dismiss this Action out of hand without proper briefing, *see* Opposition at 3. Plaintiffs respectfully invite Defendants to submit such arguments in an actual motion to dismiss, and respond only by directing Defendants to the Supreme Court's holding in *Smith v. Spizzirri*, 2024 WL 2193872, 2024 U.S. LEXIS 2170, at *5-6 (May 16, 2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration.").

Continuing the stay of the Action even after the Arbitration has concluded would prejudice Plaintiffs and deprive them of their right to a speedy resolution of their claims. For the foregoing reasons, and in light of the Second Circuit's strong preference for addressing cases on the merits, *see, e.g.*, *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), Plaintiffs respectfully request that the stay be lifted immediately so that the parties may proceed in the ordinary course of litigation.

We thank the Court for its attention to this matter.

Hon. Katherine Polk Failla
May 24, 2024

Dated: May 24, 2024                                          Respectfully submitted,

                                                                          **THE BASILE LAW FIRM P.C.**

*/s/ Waleed Amer*
Mark R. Basile, Esq.
Waleed Amer, Esq.
390 N. Broadway, Suite 140
Jericho, New York 11753
Tel.:   (516) 455-1500
Fax:   (631) 498-0478
Email: mark@thebasilelawfirm.com
        waleed@thebasilelawfirm.com

*Attorneys for Plaintiffs*

**3**