UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MULLEN TECHNOLOGIES, INC. and
MULLEN AUTOMOTIVE, INC,

                Plaintiffs,

-v.-

GEM GLOBAL YIELD LLC SCS, GEM
YIELD BAHAMAS LIMITED, and
CHRISTOPHER BROWN,

                Defendants.

GEM YIELD BAHAMAS LIMITED and
GEM GLOBAL YIELD LLC SCS,

                Petitioners,

-v.-

MULLEN TECHNOLOGIES, INC. and
MULLEN AUTOMOTIVE, INC.,

                Respondents.

23 Civ. 11268 (KPF)

**ORDER**

24 Civ. 1120 (KPF)

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Respondents Mullen Technologies, Inc. ("MTI") and Mullen Automotive, Inc. ("MAI," and together with MTI, "Respondents") and Petitioners GEM Yield Bahamas Limited and GEM Global Yield LLC SCS (collectively, "GEM" or "Petitioners") letter submissions on various issues regarding the parties' underlying arbitration (the "Arbitration"). (*See* Dkt. #72, 75, 77, 78, 81, 82). The Court will address each issue raised by the parties' submissions in turn.

*First*, Respondents suggest that the issuance of the May 10, 2024 Final Award (the "Final Award") in the Arbitration and its recently announced

financing "renders Petitioners' summary judgement motion moot." (Dkt. #75). The Court holds a different view. The January 24, 2024 Interim Measures Order (the "Interim Order") — the subject of Petitioners' fully briefed summary judgment motion — requires Respondents to deposit a sum of money in escrow within 45 days of the Interim Order to help ensure that Respondents are able to satisfy the final award in the Arbitration. Respondents have yet to deposit the sum. According, the issue remains live and the Court will issue its opinion and order in due course.

*Second*, the parties jointly submitted a proposed stipulation to address their respective objectives of confirmation or vacatur of the Partial Final Award on Liability (Dkt. #64-7) and the Final Award (Dkt. #72-1, together with the Partial Final Award on Liability, the "Awards") recently issued in the parties' Arbitration. (*See* Dkt. #77-78). The Court agrees that it is in both parties' interest, and the interest of judicial economy, to address confirmation and vacatur of the Awards together, in one sequence of summary judgment briefing. Accordingly, the Court sets forth the following briefing schedule:

- Petitioners will be deemed to have applied to confirm the Final Award, and moved for summary judgment to confirm the Awards. Petitioners will submit a proposed Form of Judgment in conjunction with their opposition to Respondents' motion for summary judgment.

- Respondents will move for summary judgment seeking to vacate the Awards (such motion will also be deemed an opposition to confirmation of the Awards) on or before **July 10, 2024**. Petitioners' opposition will be filed on or before **August 7, 2024**. Respondents reply shall be filed on or before **August 21, 2024**.

- The parties' opening briefs shall not exceed 30 pages. Respondents' reply shall not exceed 15 pages.

- The parties shall file a joint Local Rule 56.1 Statement as well as a joint set of exhibits along with Respondents' opening brief.

- The Court does not require oral argument at this time.

*Third*, Petitioners submitted a letter requesting a pre-motion conference seeking permission to file a motion for sanctions and contempt against Respondents (Dkt. #80), asserting that — in light of recent MAI financial filings — they have no confidence that MAI is complaint with the Court's April 8, 2024 Order "to maintain the Interim Measures Arbitration Award pending the resolution of this motion." (Dkt. #56). While the Court does not believe a conference is merited at this time, it reiterates the Order and reminds Respondents of its compliance obligations. Accordingly, Petitioners' application for a conference is DENIED.

*Finally,* in the related Rescission Action, No. 23 Civ. 11268, Plaintiffs MTI and MAI filed a letter motion (Dkt. #52), requesting the Court lift the April 8, 2024 Order staying the Action (Dkt. #51). The Court finds that, as a matter of judicial economy, a discretionary stay in the Rescission Action is warranted. Respondents' anticipated vacatur proceedings not only seek to undo the finality of the arbitration, but also purportedly concern arguments regarding the scope of the Arbitration, an issue of overlap between the two related actions. Accordingly, the Court DENIES Plaintiffs' application to lift the stay. *See Winter Inv'rs, LLC* v. *Panzer,* No. 14 Civ. 6852 (KPF), 2015 WL 5052563, at *11 (S.D.N.Y. Aug. 27, 2015) ("A discretionary stay is particularly appropriate where there is significant factual overlap between the remaining claims and the arbitrated claims."); *see also WorldCrisa* v. *Armstrong,* 129 F.3d 71, 76 (2d Cir.

3

1997) ("[D]istrict courts ... may stay a case pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

The Court grants the parties' motions to seal their respective submissions. (*See* Dkt. #71, 74, 79). The Clerk of Court is directed to terminate the pending motion at docket number 71, 74, 79, 80, and 81 in No. 24 Civ. 1120 and docket number 52 in No. 23 Civ. 11268.

SO ORDERED.

Dated: May 31, 2024
New York, New York

KATHERINE POLK FAILLA
United States District Judge