

March 6, 2025

**VIA ECF**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Mullen Technologies, Inc. et al. v. GEM Global Yield LLC SCS*, No. 1:23-cv-11268-KPF
      Joint Letter Suggesting Proposed Next Steps

To the Honorable Katherine Polk Failla:

In accordance with the directives set forth in the Court's Order, dated February 6, 2025 (*see* ECF No. 68), Plaintiffs Mullen Technologies, Inc. and Mullen Automotive, Inc. ("Plaintiffs") and Defendants GEM Yield Bahamas Limited, Christopher Brown and GEM Global Yield LLC SCS ("Defendants", and together with Plaintiffs, the "Parties") respectfully submit this letter suggesting their respective proposed next steps.

**Plaintiffs' Statement**

Plaintiffs seek to postpone the deadline to advise the Court on proposed next steps in this action by thirty days while the Parties attempt to settle the matter. Notwithstanding Defendants' counsel's position below, the Parties are engaged in ongoing discussions in an attempt to reach an amicable resolution. Plaintiffs contend that any motion practice—including the preparation and drafting of motion papers—in this action during such discussions would be premature, as would any statement advising the Court of proposed next steps.

Plaintiffs, therefore, respectfully request that the Court maintain the stay currently in place for another 30 days. Plaintiffs contend that this course of action is consistent with the preservation of judicial resources, as well as the resources of the Parties.

**Nathaniel Muller**
— Law Offices

Insofar as the Court denies the foregoing request, then Plaintiffs will respond appropriately to Defendants' anticipated motion to dismiss. Defendants have elected to provide the Court with a summary of the arguments that they intend to make in their anticipated motion. The Court did not invite any briefing on the merits, and, therefore, Plaintiffs contend that Defendants' inclusion of such arguments is inappropriate for this joint letter.

**Defendants' Statement**

Defendants contend that there is no settlement and that negotiations have ended. Defendants seek to move to dismiss the action. Maintaining the stay for 30 days is merely a dilatory tactic. The below proposed submission schedule will give the parties ample time to find common grounds if the Parties so choose, specifically because right now there is no progress toward an amicable resolution.

Without limitation, the basis for seeking dismissal is that :

(a) this action is moot in light of the arbitration and the decision in the related action under GEM Yield Bahamas Limited, et al. v. Mullen Technologies, Inc. et al., No. 1:24-cv-01120-KPF;

(b) this action is barred by the statute of limitations. A claim for rescission under Section 29(b) of the Exchange Act is subject to a one-year statute of limitation and three-year statute of repose. *Darkpulse*, 2023 WL 199196, at *9; *Soc. Life Network, Inc. v. LGH Invs., LLC*, No. 22-55774, 2023 WL 3641791, at *1 (9th Cir. May 25, 2023). For Section 29(b) rescission claims premised on an alleged dealer's failure to register, courts have found the statute of limitations begins to run at the time of contracting. Here the alleged Warrant transaction is dated January 4, 2021 (Compl. ¶2, 2, ECF No. 1) therefore, well beyond the one year statute of limitation;

(c) this action should be dismissed on the merits too. Plaintiff contends that the Warrant should be rescinded under Section 29(b) of the Exchange Act because GEM was purportedly acting as an unregistered securities dealer in violation of Section 15(a) of the Exchange Act (Compl. ¶6, 21-36, ECF No. 1). Courts in this Circuit have consistently held that a defendant's failure to register as a dealer does not make a transaction "prohibited" where the underlying contract does not require the defendant to act as a dealer. *NexPoint Diversified Real Estate Tr. v. Acis Cap. Mgmt., LP*, 80 F.4th 413, 421 (2d Cir. 2023).
Plaintiff does not identify any portion of the Warrant that requires Defendant to act as a dealer or otherwise violate the Exchange Act. In fact, this would be impossible since the Warrant does not obligate Defendants to take any action, let alone any action that would result in Defendants meeting the definition of a dealer under the Act. The Warrant gives Defendants the option to purchase Plaintiff's shares but does not obligate it do so. And even if Defendants did exercise this option to purchase the shares under the Warrant, the Warrant does not obligate the Defendants to sell those shares.
Given the absence of any provision in the Warrant obligating Defendants to act as a dealer in the performance of the Warrant, the Warrant can be legally performed.

(d) This action should also be dismissed because Defendants do not meet the definition of a "dealer" under the Exchange Act. Pursuant to Section 3(a)(5)(A), "[t]he term 'dealer' means any person engaged in the business of buying and selling securities . . . for such person's own account through a broker or otherwise." 15 U.S.C. § 78c(a)(5)(A). A "trader" by contrast, is a party who "buys and sells securities for his or her own account, either individually or in a fiduciary capacity, but not as part of a regular business." S.E.C., Guide to Broker-Dealer Registration (Apr. 2008). The complaint is devoid of any well-pled allegations that Defendants engage in any of the activities that would qualify it as a dealer.

The proposed briefing schedule is as follows:

Defendants' motion to dismiss to be served and filed by April 1, 2025

Plaintiff's opposition to be served and filed by April 16, 2025

Defendants' reply if any to be served and filed by April 23, 2025

Respectfully submitted,

Dated: New York, New York
March 6, 2025

**Law Offices of Nathaniel Muller, P.C.**

By:  /s/ Nathaniel Muller
Nathaniel Muller, Esq.
420 Lexington Avenue, Suite 300
New York, NY 10170
(646) 774-2895
nm@legalmuller.com
*Attorney for Defendants*

-and-

**The Basile Law Firm, P.C.**

By:  /s/ Waleed Amar [with permission]
Waleed Amer, Esq.
390 N. Broadway, Ste. 140
Jericho, NY 11753
Tel.: (516) 455-1500
Fax: (631) 498-0748
waleed@thebasilelawfirm.com
*Attorneys for Plaintiffs*